**Yvonne G. TROUT, et al., Plaintiffs,**

v.

**H. Lawrence GARRETT, III, et al., Defendants.**

**Civ. A. No. 73–0055.**

United States District Court, District Of Columbia.

July 9, 1990.

---

Bradley G. McDonald, John F. Karl, Jr., McDonald & Karl, Washington, D.C., for plaintiffs.

Jay B. Stephens, U.S. Atty., John D. Bates, Sharon A. Cohen, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

Plaintiffs request entry of an order allowing an award of reasonable attorney's fees and costs for the thirty-five individual relief proceedings found necessary by the Special Master. The government, as is its inevitable practice in this case, opposes the request.

Plaintiffs have prevailed on the merits of their class action claim. Nevertheless, the government has insisted that they prove the facts of discrimination once again with respect to each of the members of the class. The Special Master has denied the motions for summary judgment filed by the government with respect to the thirty-five individuals whose claims are at issue here, and it is clear that, as concerns these particular claims, they are not vexatious, frivolous, or in bad faith.

It is likewise clear that since the plaintiffs are the prevailing party in this litigation, they are also entitled to attorney's fees with respect to the non-frivolous individual relief hearings as well as with respect to the principal lawsuit itself.[1] This Court has so held again and again, and other courts have likewise come to the same conclusion in similar procedural circumstances. *See, e.g., McKenzie v. Kennickell,* 645 F.Supp. 427, 432 (D.D.C.1986); *Palmer v. Shultz,* C.A. No. 76–1439 and 77–2006, Remedial Order at 25 (D.D.C. January 31, 1989); *Berger v. Iron Workers Reinforced Rodmen, Local 201,* C.A. No. 75–1743, Order of Reference to Special Master at 7 (D.D.C. February 15, 1989); *see also, Turner v. Orr,* 785 F.2d 1498, 1502–03 (11th Cir.1986). The government's sole response to these precedents[2]—that all these courts failed to provide an adequate legal analysis—is neither impressive nor persuasive, particularly since the government has made it a practice in this case to refuse to follow precedent by this and other courts on similarly specious grounds.

The government also states once again that the request for attorney's fees is premature. That argument, too, has been made to this Court and to the Court of Appeals at other stages of these proceedings, but consistently without success. The Court hereby rejects the argument once again.

Finally, the Court cannot help but to observe that, had government counsel been

---

1. Plaintiffs have advised the Court that the Washington Lawyers Committee for Civil Rights is assisting class counsel in obtaining the necessary legal representation for the thirty-five separate hearings upon which the government has insisted. Obviously, without a fee order the securing of such representation would be exceedingly difficult, if not impossible—a result which, in view of past performance, must be assumed to be the purpose of the government's current opposition.

2. The government does cite *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), a case totally unlike this one, for it dealt not with individual relief efforts following a successful class action but with a situation where an individual plaintiff secured some but not all of his relief. However, *Hensley* does contain language that is pertinent here—that a "request for attorney's fees should not result in a second major litigation." 461 U.S. at 437, 103 S.Ct. at 1941. In the instant case, the government is well on the way to achieving a record third, fourth, or fifth fee litigation if one considers the various refusals to pay attorney's and expert witness fees.

somewhat more reasonable in their approach to this litigation, and had the government at some time in the course of this extended litigation authorized payment of the amounts of the awards to which these plaintiffs are entitled on account of the sex discrimination against them, the expenditure of funds would have been far less than what it costs the taxpayers for these unending, yet fruitless litigation efforts. This Court lacks the authority to end this needless drain on the Treasury. However, it may be that, sooner or later, some official or agency with the requisite authority will conduct an appropriate investigation.

For the reasons stated, it is this 9th day of July, 1990

ORDERED that plaintiffs' motion for reasonable attorney's fees and costs for the thirty-five individual relief proceedings before the Special Master be and it is hereby granted.